**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Chitado Technology Co, Ltd., *Plaintiff*, v. Howling Moto LLC, *Defendant*. | **Case No. 1:26-cv-13032** **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shenzhen Chitado Technology Co., Ltd. ("Chitado") brings this action against Defendant Howling Moto LLC ("Howling Moto") for infringement of U.S. Patent No. 12,649,534 B2 (the "'534 Patent") and U.S. Patent No. 12,595,012 B2 (the "'012 Patent," and together with the '534 Patent, the "Asserted Patents"). Chitado alleges as follows, on knowledge as to itself and its own acts and on information and belief as to all other matters:

## NATURE OF THE ACTION

1. Defendant Howling Moto LLC ("Howling Moto") is an Illinois limited liability company that offers for sale electric riding devices, including the WINDHORSE C2 Cargo, C3, and C3 Max models (collectively, the "Accused Products"), through its online storefront at https://howlingmoto.com.

2. As shown in the claim charts attached as Exhibits 2A-2C and 4A-4C, the Accused Products practice Claims 1-4 and 6-15 of the '534 Patent and Claims 1-2 and 4-7 of the '012 Patent.

## PARTIES

3. Chitado is a company organized under the laws of the People's Republic of China, with its principal place of business in Shenzhen, Guangdong Province, China. Chitado designs, manufactures, and sells electric riding devices, including under its GYROOR brand, and has invested substantially in developing and protecting the patented technology.

4. Defendant Howling Moto LLC is a domestic limited liability company organized under the laws of the State of Illinois on December 6, 2021. According to records of the Illinois Secretary of State, Howling Moto is registered under File No. 11179002 and maintains its principal place of business at 2404 Spring Ridge Drive, Suite D1, Spring Grove, Illinois 60081. Its registered agent is Darlene Grey, 4413 Parkway Avenue, McHenry, Illinois 60050-3781.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

6. This Court has personal jurisdiction over Howling Moto because it is organized under Illinois law and maintains its principal place of business in Spring Grove, Illinois, within this District. Howling Moto is therefore subject to general personal jurisdiction in Illinois.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Howling Moto maintains a regular and established place of business at 2404 Spring Ridge Drive, Suite D1, Spring Grove, Illinois 60081, and has committed acts of

infringement in this District by offering the Accused Products for sale and selling the WINDHORSE C3 Max through its website, www.howlingmoto.com. A related patent infringement action involving the same Asserted Patents and WINDHORSE product models is pending before the Honorable LaShonda A. Hunt in this District's Eastern Division. See *Shenzhen Chitado Technology Co., Ltd. v. Windhorse Technologies Inc. et al.*, No. 1:26-cv-09457 (N.D. Ill.).

**THE ASSERTED PATENTS**

8. Chitado is the assignee and owner of all substantial rights in the Asserted Patents, including the right to sue for and recover damages for past and ongoing infringement. True and correct copies of the ’534 Patent and the ’012 Patent are attached as Exhibits 1 and 3.

9. The United States Patent and Trademark Office issued the ’534 Patent, titled “Electric Riding Device,” on June 9, 2026, from U.S. Patent Application No. 19/341,002, filed September 26, 2025, and published as U.S. Patent Application Publication No. 2026/0028081 A1 on January 29, 2026. The ’534 Patent contains fifteen claims, including independent Claims 1, 6, 11, and 15. Chitado asserts Claims 1-4 and 6-15.

10. Independent Claim 15 of the ’534 Patent is representative and recites:

> An electric riding device, comprising: a frame body defining a substantially flat support plate located between front and rear ends of the frame body, the support plate having a longitudinal dimension and a lateral dimension; a front wheel and a rear wheel coupled to front and rear portions of the frame body, respectively; a handlebar assembly coupled to the frame body and configured to be grasped by a user’s hands; a seat coupled to the frame body; and a power device coupled to the frame body and configured to supply power to the electric riding device; wherein

> the frame body comprises a storage cavity having a longitudinal dimension, a lateral dimension, and a height dimension, wherein the longitudinal dimension of the storage cavity is greater than both the lateral dimension and the height dimension thereof; wherein the storage cavity is at least partially defined by a left sidewall and a right sidewall disposed on the frame body, the left and right sidewalls are opposed to each other, a lower end of the left sidewall being positioned proximate a left edge of the support plate and extending substantially vertically upward therefrom, and a lower end of the right sidewall being positioned proximate a right edge of the support plate and extending substantially vertically upward therefrom; wherein the electric riding device further comprises a left footrest and a right footrest disposed on opposite sides in the lateral direction, wherein an installation position of the left footrest is longitudinally nearer a left front end of the support plate rather than at or adjacent to a left rear end of the support plate, and an installation position of the right footrest is longitudinally nearer a right front end of the support plate rather than at or adjacent to the right rear end of the support plate; wherein each of the left sidewall and right sidewall is removably disposed on the frame body; and wherein the storage cavity has an open top.

11. The asserted independent claims of the ’534 Patent cover overlapping configurations of an electric riding device having a substantially flat base or support plate; a removable, substantially horizontal storage basket or storage cavity with an open top and opposed sidewalls; and left and right footrests positioned near the front of the base or support plate. Claim 1 further recites dimensional ratios, an openwork basket bottom, substantially mirror-symmetrical sidewalls, arcuate top corners, rotatable footrests, and perpendicular basket bars; Claims 6 and 11 recite alternative opposed-sidewall arrangements for a removable basket; and Claim 15 recites removable sidewalls defining a longitudinal, open-top storage cavity. The asserted dependent claims add, among other things, threaded mounting, longitudinally spaced mounting plates, bent basket portions conforming to the frame, and a mesh structure.

12. The United States Patent and Trademark Office issued the ’012 Patent, also titled “Electric Riding Device,” on April 7, 2026, from U.S. Patent Application No. 19/340,910, filed September 26, 2025. The two Asserted Patents were filed on the same day, name the same inventors, and are each continuations-in-part of International Application No. PCT/CN2025/106945, filed July 3, 2025. The ’012 Patent contains seven claims, including independent Claims 1 and 7. Chitado asserts Claims 1-2 and 4-7.

13. Independent Claim 7 of the ’012 Patent is representative and recites:

> An electric riding device, comprising: a frame body; a front wheel installed at a front side of the frame body, and a rear wheel installed at a rear side of the frame body; a handlebar assembly installed on the frame body and configured to be handled by a user; a seat installed on the frame body; and a power device installed on the frame body and configured to power the electric riding device; wherein the frame body comprises a substantially flat base portion, a front raised portion extending upwardly from a front end of the base portion, and a rear raised portion extending upwardly from a rear end of the base portion, the base portion having a longitudinal dimension and a lateral dimension; wherein the front raised portion is configured to support a head tube at a distal end away from the base portion, the head tube being for installing the handlebar assembly to the frame body, and at least a portion of the rear raised portion is configured to support the seat; wherein the electric riding device further comprises a storage basket removably installed on the frame body, the storage basket defining a contact surface configured to engage an upper surface of the base portion and permit the storage basket to be stably placed thereon, such that when the storage basket is placed on the upper surface of the base portion, the contact surface and the upper surface of the base portion are in substantially horizontal contact; and wherein the electric riding device further comprises a left footrest and a right footrest, the left and right footrests being disposed on opposite sides in the lateral direction, wherein an installation position of the left footrest is longitudinally nearer a left-front end of the base portion rather than at or adjacent to a left-rear end of the base portion, and an installation position of the right footrest is longitudinally nearer a right-front end of the base portion rather than at or adjacent to a right-rear end of the base portion.

14. Independent Claim 1 of the '012 Patent covers, among other things, a base portion formed by laterally spaced left and right frame members and a support plate; a storage assembly mounted by a threaded connection mechanism; pivotable left and right footrests mounted near the front of the frame through fixed adapters having vertically spaced connecting plates and pivot pins; anti-slip strips; front and rear reinforcing ribs; and a power device under the support plate. Dependent Claims 2 and 4-6 further recite storage-cavity walls, a mesh structure, side-mounted footrests, and adapters fixed to the storage assembly. Claim 7 covers a substantially flat base with front and rear raised portions, a removable storage basket having substantially horizontal surface contact with the base, and front-positioned footrests.

15. Each Asserted Patent is valid and enforceable and is entitled to the presumption of validity under 35 U.S.C. § 282.

**HOWLING MOTO'S INFRINGEMENT**

16. Howling Moto has advertised and offered for sale the Accused Products to customers in the United States through its online storefront at https://howlingmoto.com. True and correct copies of webpages identifying the WINDHORSE C2 Cargo, C3, and C3 Max and providing pricing and purchase options, captured on October 21, 2026, are attached as Exhibit 5. Howling Moto has also sold the WINDHORSE C3 Max through its website for delivery to Downers Grove, Illinois, within this District's Eastern Division. Howling Moto's website identifies its showroom and service center at 2404 Spring Ridge Drive, Suite D1,

Spring Grove, Illinois 60081, which matches the principal business address in Howling Moto LLC's Illinois registration records. These activities occurred after the Asserted Patents issued.

17. Claim charts analyzing the WINDHORSE C2 Cargo, C3, and C3 Max models are attached as Exhibits 2A–2C for the '534 Patent and Exhibits 4A–4C for the '012 Patent. The products offered on Howling Moto's website have the same model designations as the products analyzed in those claim charts and, on information and belief, materially the same claim-relevant configurations. As shown in those charts, the Accused Products infringe Claims 1–4 and 6–15 of the '534 Patent and Claims 1–2 and 4–7 of the '012 Patent, literally or, in the alternative, under the doctrine of equivalents.

18. Howling Moto has no license or other authorization from Chitado to make, use, offer to sell, sell, or import any product practicing either Asserted Patent.

19. Howling Moto's infringement has caused and, unless enjoined, threatens to continue causing harm to Chitado, including harm to its competitive position and its right to exclude others from practicing the Asserted Patents, for which monetary damages may be inadequate. Chitado is entitled to damages adequate to compensate for infringement, in no event less than a reasonable royalty, together with interest and costs.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 12,649,534 B2)

20. Chitado incorporates Paragraphs 1 through 19.

21. Howling Moto has directly infringed and, on information and belief, continues to directly infringe Claims 1–4 and 6–15 of the ’534 Patent under 35 U.S.C. § 271(a) by offering for sale the Accused Products and selling at least the WINDHORSE C3 Max in the United States after the ’534 Patent issued on June 9, 2026, without Chitado’s authorization.

22. As shown in Exhibits 2A-2C, the Accused Products satisfy every limitation of each asserted claim of the ’534 Patent, literally or, in the alternative, under the doctrine of equivalents.

23. Chitado has been and continues to be damaged by Howling Moto’s infringement and is entitled to damages under 35 U.S.C. § 284 and to preliminary and permanent injunctive relief under 35 U.S.C. § 283. To the extent established by the evidence, Chitado is also entitled to enhanced damages under 35 U.S.C. § 284 and to a finding that this is an exceptional case under 35 U.S.C. § 285.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 12,595,012 B2)

24. Chitado incorporates Paragraphs 1 through 23.

25. Howling Moto has directly infringed and, on information and belief, continues to directly infringe Claims 1–2 and 4–7 of the ’012 Patent under 35 U.S.C. § 271(a) by offering for sale the Accused Products and selling at least the WINDHORSE C3 Max in the United States after the ’012 Patent issued on April 7, 2026, without Chitado’s authorization.

26. As shown in Exhibits 4A-4C, the Accused Products satisfy every limitation of each asserted claim of the ’012 Patent, literally or, in the alternative, under the doctrine of equivalents.

27. Chitado has been and continues to be damaged by Howling Moto’s infringement and is entitled to damages under 35 U.S.C. § 284 and to preliminary and permanent injunctive relief under 35 U.S.C. § 283. To the extent established by the evidence, Chitado is also entitled to enhanced damages under 35 U.S.C. § 284 and to a finding that this is an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Chitado respectfully requests that the Court enter judgment in its favor and against Howling Moto as follows:

A. A judgment that Howling Moto has infringed Claims 1-4 and 6-15 of the ’534 Patent and Claims 1-2 and 4-7 of the ’012 Patent;

B. A preliminary and permanent injunction under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 restraining Howling Moto, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the injunction, from making, using, offering for sale, selling, or importing the Accused Products or any other product that infringes either Asserted Patent;

C. An award of damages adequate to compensate Chitado for Howling Moto’s infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

D. An accounting of Howling Moto's sales of the Accused Products and of any infringing sales not presented at trial;

E. To the extent established by the evidence, a finding that Howling Moto's infringement has been willful and an award of enhanced damages under 35 U.S.C. § 284;

F. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Chitado's reasonable attorneys' fees;

G. An award of Chitado's costs and disbursements; and

H. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Chitado demands a trial by jury on all issues so triable.

Dated: October 22, 2026

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
wei.wang@glacier.law

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 937-9999
tao.liu@glacier.law

*Attorneys for Plaintiff*